■ U.C. COLUMBUS RADIO DISPATCH, INC., Respondent, v COMMACK, INC., Appellant. [680 NYS2d 528] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 11, 1997, which, after an expedited trial, entitled plaintiff to an injunction to enforce a provision of the parties' agreement prohibiting defendant's use of a specified radio frequency and referred the issue of the extent of defendant's obligation for plaintiff's legal fees pursuant to the parties' agreement to a Referee for a report, and judgment, same court, and Justice, entered February 27, 1998, which granted plaintiff's motion to confirm the Referee's report recommending that plaintiff be awarded attorney's fees and disbursements amounting to $52,044.58, unanimously affirmed, with costs.

Given the nature of the contractual breach asserted by plaintiff and the circumstance that defendant was in default for having failed to answer the complaint, Supreme Court properly exercised its discretion in directing an expedited trial. The procedure employed by the court was, moreover, one in which defendant at the time acquiesced. Furthermore, there was no violation of due process when the Referee clarified the scope of the referral with the referring court. Finally, we find that, contrary to defendant's interpretation of the parties' agreement, the agreement's provision for reimbursement of expenses incurred in its enforcement, including attorneys' fees, was not in the nature of an indemnity and, accordingly, did not condition plaintiff's recovery of legal fees upon its prior payment of such fees to counsel. Concur—Sullivan, J. P., Williams, Tom and Mazzarelli, JJ.

■ EDISON LIMONES et al., Appellants, v CITY OF NEW YORK, Respondent. [680 NYS2d 529] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about November 25, 1997, which, insofar as appealed from, denied plaintiffs' motion to strike defendant's answer for failure to comply with plaintiffs' notice of discovery, unanimously affirmed, without costs.

Given defendant's compliance, albeit belated, with the preliminary conference order, which largely incorporated plaintiffs' notice of discovery, it cannot be said that defendant's failure to comply with plaintiffs' discovery demands was willful and contumacious so as to warrant the drastic relief sought by plaintiffs on the motion. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.